U.S. DISTRICT COURT
**N.D. OF N.Y.**
**FILED**

UNITED STATES DISTRICT COURT

AUG 3 1 2009

FOR THE NORTHERN DISTRICT OF NEW YORK

LAWRENCE K. BAERMAN, CLERK
ALBANY

_____

FRANK BAZADIER,                                    )  Civil Action No.

          Plaintiff in Pro Se,                       )  COMPLAINT FOR

          -against                                        )  DECLARATORY AND

JOHN J. McALARY, in his official capacity as the Executive )  INJUNCTIVE RELEIF

Director of the New York Board of Law Examiners, and   )

Jonathan Lippman, Carmen Beauchamp Ciparick, Vicoria A. )  **1:09 -CV- 0990**

Graffeo, Robert S. Smith, Theodore T. Jones, Susan P. Read, )  **GLS / RFT**

Eugene F. Pigott, Jr in their official capacity as Judges on the )

New York Court of Appeals.                         )

                                      )

## I.    Introductory Statement

1.    This is a civil action brought under 42 U.S.C. Section 1983 seeking declaratory and

     injunctive relief regarding New York Board of Law Examiners rule 520.5(a), which is an

     absolute ban to Plaintiff (a licensed attorney from California, who graduated from a

     correspondence school of law) taking the New York Bar Exam. See Exhibit 1, which is

     hereby attached and incorporated by reference.

2.    The Board of Law Examiners (hereafter BOLE)  gives preference to speech and

     associative rights exercised at "approved law schools" as defined by BOLE rule

     520.3(b)(1) through (2)( c )(ii), (see Exhibit 1), over speech and associative rights

     exercised at correspondence schools of law.

1

3.  Therefore BOLE rule 520.5(a) by allowing graduates of "approved law schools" to take the New York Bar Exam and banning Plaintiff, a graduate of a correspondence school of law, from taking the New York Bar Exam, denies Plaintiff equal protection of the law in violation of the First and Fourteenth Amendments.

## II. Jurisdiction

4.  This Court has jurisdiction of this action by virtue of 28 U.S.C. Section 1331, conferring jurisdiction over claims brought under 42 U.S.C. Section 1983 to enforce rights guaranteed by the United States Constitution. Declaratory relief is authorized by 42 U.S.C. Section 1988

5.  Venue is proper in this district under 28 U.S.C. Section 1391(b)

## III. Parties

6.  Plaintiff is a licensed attorney in good standing with the State Bar of California since October 2003. Plaintiff graduated from California North Western School of Law, a correspondence school of law, as a Juris Doctorate in 1999. Upon applying to sit for the February 2009 New York Bar Exam, Plaintiff was in good standing with the California Bar Association for 5 years, and among other matters Plaintiff had completed 15 criminal jury trials. (See Exhibit 2, a copy of the certificate of good standing, which is attached hereto and incorporated by reference. Exhibit 3, is a copy of Plaintiff's verified petition submitted to the BOLE and the NEW YORK STATE COURT OF APPEALS to obtain a waiver from rule 520.5(a) in compliance with rule 520.14, said petition is attached hereto and incorporated by reference. Exhibit 4 is a list of Plaintiff's trials that were submitted to the BOLE and the New York Court of Appeals seeking a waiver from rule 520. 5(a) in compliance with rule 520.14, and is attached hereto and incorporated by reference.)

2

7.  Defendant John McClary is the Executive Director of the BOLE, an agency of the State of New York, charged with administering the New York Bar Examination, and enforcing BOLE rule 520.5(a), which absolutely bans Plaintiff from taking the New York Bar Examination (because plaintiff is a graduate of a correspondence school of law).

8.  Defendants Jonathan Lippman, Carmen Beauchamp Ciparick, Vicoria A. Graffeo, Robert S. Smith, Theodore T. Jones, Susan P. Read, Eugene F. Pigott, all Justice on the New York Court of Appeals are all necessary parties under Title IV, Rule 19 of the Federal Rules of Civil Procedure. Once the BOLE informed Plaintiff he was unable to sit for the February 2009 New York Bar Examination because Plaintiff was a correspondent school law graduate, Plaintiff sought a waiver from the Court of Appeals under BOLE rule 520.14 Plaintiff's waiver was subsequently denied, and therefore the named Justices of the New York Court of Appeals are all necessary parties and needed for Plaintiff to conduct meaningful discovery [for example, to determine if they participated in the vote to deny Plaintiff's waiver, and if said particular Justice did vote to deny Plaintiff's waiver what basis did that particular Justice use in denying Plaintiff's waiver application, and has that particular Justice ever voted to exempt anybody from rule 520.5(a), and if so on what grounds].

IV. Factual Allegations

9.  Plaintiff, having traveled to New York multiple times before embarking on study for the New York Bar Exam, devised a plan to relocate to New York after successfully passing the New York Bar Exam.

3

1    When Plaintiff initially began studying for the New York Bar Exam, Plaintiff was under

2    the impression that the BOLE did not discriminate and would allow a correspondence law

3    school graduate the opportunity to sit for their bar.  In preparation for the New York Bar

4    Exam  Plaintiff acquired study materials and a tutor, which cost Plaintiff in excess of

5    $2,100.00. Plaintiff reduced his billable hours in order to study (from October to late

6    December) for a minimum of 4  hours a day in order to become proficient on topics

7    particular to the New York Bar Exam.

8

9    10.    When Plaintiff became aware of BOLE rule 520.5(a), sometime in mid November,

10          Plaintiff spoke with a staff member at the BOLE who informed Plaintiff that he would be

11          unable to sit for the February 2009 New York Bar Exam, or any subsequently

12          administered New York Bar Exam,  because Plaintiff was a graduate of a correspondence

13          school of law despite his good standing in the California State Bar and trial experience.

14          Plaintiff thereafter discovered he could seek relief from the discriminatory exclusion

15          under BOLE 520.5(a) from the New York State Court of Appeals under BOLE rule

16          520.14.

17

18    11.   On November 25, 2008, Plaintiff submitted a verified petition to seek a waiver of BOLE

19          rule 520.5(a). Plaintiff continued his studies, hoping the New York Court of Appeals

20          would conclude, based on Plaintiff's qualifications, that Plaintiff had enough experience

21          to qualify to sit for the New York Bar Exam, and thus waive rule 520.5(a) as a barrier to

22          Plaintiff taking the exam.

23

24

25

26

27                                    4

28

12.   In early January 2009, Plaintiff received a letter from the State of New York Court of Appeals dated December 31, 2009  informing Plaintiff that his verified petition was denied. (See Exhibit 5, a copy of the New York Court of Appeals letter, which is attached hereto and incorporated by reference. See Exhibit 6, a letter authored by Stuart M. Cohen of the State of New York Court of Appeals as directed by John McAlary to refund Plaintiff's bar admission fee, is attached and hereby incorporated by reference.

13   Upon the filing of this complaint, Plaintiff is still in good standing with the State Bar of California and has now engaged in 17 completed criminal jury trials.

## V. Cause of Action

14   The BOLE rule 520.5(a) violates Plaintiff's right to equal protection of the laws, in the exercise of Plaintiff's freedom of speech and associative rights contrary to the First and Fourteenth Amendments, and made applicable to Plaintiff by the Due Process Clause of the Fourteenth Amendment.

15.   The BOLE rule 520.5(a) treats attorneys who graduated from "approved schools of law" more favorably than similarly situated attorneys who graduated from correspondence schools of law, and the Defendant's will not be able to satisfy the requisite test of strict scrutiny, and thus rule 520.5(a) violates  Plaintiff's equal protection of the laws in the exercise of Plaintiff's freedom of speech and associative rights contrary to the equal protection of laws guaranteed by the First and Fourteenth Amendment.

5

16. The BOLE rule 520.5(a) was intended to, and does deter correspondence law school graduates eligibility to take the New York Bar Exam, and thus precludes Plaintiff from freely associating with existing licensed New York attorney's as a fellow licensed New York attorney, and simultaneously discriminates against the speech and associations Plaintiff used to earn his Juris Doctorate at a correspondence school of law.

17. The Justices of the State of New York Court of Appeals who lodged a vote to deny Plaintiff's verified petition for waiver, thereby upholding rule 520.5(a) which facially discriminates against the equal protection of law as it applies to Plaintiff exercising his freedom of speech and association rights protected by the First and the Fourteenth amendments, is also an act which deters a correspondence law graduate from embarking on the practice of law in New York as a licensed New York attorney, and thus precludes Plaintiff from freely associating with existing licensed New York attorney's as a fellow licensed New York attorney, and simultaneously discriminates against the speech and associations Plaintiff used to earn his Juris Doctorate at a correspondence school of law. .

VI   Prayer For Relief

WHEREFORE, plaintiff respectfully requests:

1.   An order declaring BOLE rule 520.5(a) unconstitutional in violation of Plaintiff's equal protection of the law in the exercise of his Freedom of Speech and Freedom of Association as protected by the First and Fourteenth Amendments;

2.   An injunction prohibiting defendants and their agents, successors and employees from taking any steps to apply or enforce BOLE rule 520.5(a);

3.   An order awarding plaintiff costs and fees, pursuant to 42 U.S.C. Section 1988;

4.   Such other and further relief as the Court may deem just and proper.

August 28, 2009

_____

Frank Bazadier

Plaintiff in Pro Se
PO BOX 861503
LOS ANGELES CALIFORNIA 90086-1503
323 493 8089
fbazadier@aol.com

7

BAZADIER V. BOLE DIRECTOR & JUSTICES OF THE STATE OF NY CRT OF APPEALS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

BAZADIER V. BOLE DIRECTOR & JUSTICES OF THE STATE OF NY CRT OF APPEALS

The New York State Board Of Law Examiners
Corporate Plaza, Building 3 - 254 Washington Avenue Extension Albany, NY 12203-5195

office (518) 452-8700
fax (518) 452-5729
toll-free in NYS (800) 342-3335
Office Hours: Monday - Friday 8:30am – 5:00pm Eastern Time

- BOLE Home
- Bar Exam Eligibility
- Rules and Regulations
- The Bar Examination
- Juris Doctor Graduates
- Bar Exam Applications and Forms
- ADA Test Accommodations
- Exam Day References & Security Policy
- Foreign Legal Education
- Admission on Motion/Reciprocity
- Admission Information
- FAQ
- Content Outline
- Past Bar Exam Questions & Answers
- Past Exam Results
- Proctor Information
- Reports and Press Releases

## Rules of the Court / BOLE

**Court Rules for Admission of Attorneys and Counselors at Law**
**520.1** General
**520.2** Admission upon Examination
**520.3** Study of Law in Law School
**520.4** Study of Law in Law Office
**520.5** Study of Law School and Actual Practice
**520.6** Study of Law in Foreign Country
**520.7** Certification by Board of Law Examiners
**520.8** New York State Bar Examination
**520.9** Multistate Professional Responsibility Exam
**520.10** Admission without Examination
**520.11** Admission Pro Hac Vice
**520.12** Proof of Moral Character
**520.13** Designation of Agent for Service of Process
**520.14** Application for Waiver of Rules
**520.15** Rules of the NYS Board of Law Examiners

**State Board of Law Examiners Rules**
**6000.1** Board Office
**6000.2** Applications and proof required of applicants for examination

**6000.3** Schedule of Fees
**6000.4** Test Accommodations for Applicants with Disabilities
**6000.5** Assignment and Certification of Applicants
**6000.6** Examination
**6000.7** Automatic Regrading of Certain Examination Answers
**6000.8** Publication of Essay Questions and Selected Applicants' Answers
**6000.9** Fraud, Dishonesty and other Misconduct
**6000.10** Application for waiver of rules

### Section 520 of the Rules of the Court of Appeals for the Admission of Attorneys and Counselors at Law (amended, effective March 29, 2000)

#### 520.1 General.

(a) A person shall be admitted to practice law in the courts of the State of New York only by an order of the Appellate Division of the Supreme Court upon compliance with these rules.

(b) Saving clause. Those provisions of the rules of the Court of Appeals for the admission of attorneys and counselors at law that prescribe the qualifications for admission to the New York State bar examination, which were in effect at the time an applicant for admission commenced the study of law, to the extent that the application thereof was or would have been less restrictive or burdensome, shall determine the applicant's eligibility for admission to such examination.

Top of Page

#### 520.2 Admission upon examination.

(a) Proof required by the New York State Board of Law Examiners. An applicant for admission to the New York State bar examination shall furnish to the New York State Board of Law Examiners, in accordance with its rules, proof satisfactory to said board:

(1) that he is over 21 years of age;

(2) as to the date and place of his birth; and

(3) that applicant has complied with section 520.3, 520.4 or 520.5 of this Part.

Top of Page

#### 520.3 Study of law in law school.

(a)(1) General. Except as otherwise provided in paragraph (2) of this subdivision, an applicant may qualify to take the New York State bar examination by submitting to the New York State Board of Law Examiners satisfactory proof that the applicant attended and was graduated with a first degree in law from a law school or law schools which at all times during the period of applicant's attendance was or were approved.

(2) An applicant may qualify to take the New York State bar examination by submitting to the New York State Board of Law Examiners satisfactory proof that applicant attended and successfully completed the prescribed course of instruction required for a first degree in law, but the State Board of Law Examiners shall not certify the applicant for admission to the bar pursuant to section 520.7(a) of

this Part until the applicant has presented a certificate showing that the applicant has been awarded a first degree in law.

(b) Approved law school defined. An approved law school for purposes of these rules is one:

(1) whose program and course of study meet the requirements of this section, as shown by the law school's bulletin or catalogue, which shall be filed annually with the Clerk of the Court of Appeals; and

(2) which is approved by the American Bar Association.

(c) Instructional requirement. (1) An approved law school shall require for its first degree in law the successful completion of either a full-time or a part-time program which consists of:

(i) a minimum of 80 semester hours of credit, including at least 60 semester hours in professional law subjects. A maximum of 20 of the required 80 semester hours may be courses related to legal training or clinical courses as provided in sections (2) and (5) of this subdivision;

(ii) at least 1,120 hours of classroom study, exclusive of examination time

(2) Other courses related to legal training taught by members of the faculty of said law school or university, or taught by members of the faculty of any university or college with which the law school offers a joint degree program, may, in the discretion of the law school, be substituted for professional law subjects to the extent of no more than 10 of the required 80 semester hours.

(3) No credit shall be allowed for correspondence courses.

(4) All study shall be evaluated by authentic written examination, except where such examination is inappropriate, such as in seminar and practice court courses or courses which are principally concerned with legal writing and research.

(5) Clinical and like courses may, in the discretion of the law school, be substituted for classroom periods to the extent of no more than 20 of the required 80 semester hours, where:

(i) a description of the course has been filed with the Clerk of the Court of Appeals, either separately or in the law school's annual catalogue or bulletin;

(ii) the course is under the direct and immediate supervision of a member or members of the faculty;

(iii) the course includes adequate classroom meetings or seminars during the same semester in which the clinical work is completed in order to insure contemporaneous, discussion review and evaluation of the clinical experience; and

(iv) the law school certificate of attendance filed with the New York State Board of Law Examiners lists separately the credit allowed for clinical courses or other non classroom study.

(d) Full-time program defined. A full-time program shall consist of at least 75 and no more than 105 calendar weeks in residence, including reading periods not to exceed one week per semester and examinations, of at least 10 classroom periods per week, scheduled principally between the hours of 8 a.m. and 6 p.m., totaling not less than the equivalent of 1,120 hours of classroom study, exclusive of examination time. A calendar week shall include four days of scheduled classes; however, no more

than three three-day weeks per semester may be counted toward the 75-week minimum. A semester which includes successful completion of at least 10 credit hours per week of study shall be counted as 15 full-time weeks in residence toward the residency weeks requirement of this subdivision. As allowed under subdivision (h) of this section, a summer session which includes successful completion of at least 5 credit hours per week of study shall be counted as 7.5 full-time calendar weeks in residence toward the residency weeks requirement of this subdivision.

(e) Part-time program defined. A part-time program shall consist of at least 105 and no more than 135 calendar weeks in residence, including reading periods not to exceed one week per semester and examinations, of at least eight classroom periods per week, irrespective of the hours at which the classroom periods are scheduled, totaling not less than the equivalent of 1,120 hours of classroom study, exclusive of examination time. A calendar week shall include three days of scheduled classes; however, no more than three two-day weeks per semester may be counted toward the 105-week minimum. A semester which includes successful completion of at least 8 credit hours per week of study shall be counted as 15 part-time weeks in residence toward the residency weeks requirement of this subdivision. As allowed under subdivision (h) of this section, a summer session which includes successful completion of at least 4 credit hours per week of study shall be counted as 7.5 part-time calendar weeks in residence toward the residency weeks requirement of this subdivision.

(f) Successful completion defined. Complete credit for an academic year, semester, quarter or summer session in an approved law school in which one or more courses have been failed shall not be given until the passing grades in the courses failed have been earned, or substitute courses successfully completed, or unless the failures are compensated for by a sufficiently high average for the same academic year, semester, quarter or summer session under acceptable regulations established by the law school in which the applicant is matriculated.

(g) Transfer from one law school program to another. A student may transfer from a full-time to a part-time program, or from a part-time to a full-time program, at the end of any semester, quarter or other complete academic session. In computing residence credit:

(1) each week of a full-time program shall be deemed equal to one and one-third weeks of a part-time program; and

(2) each week of a part-time program shall be deemed equal to three-fourths of a week of a full time program.

(h) Summer session. Credit may be given for successful completion of courses taken in summer session only if such session is approved by the dean of the law school in which the applicant is matriculated.

(i) Credit for law study in a foreign country. An approved law school may, in its discretion, allow such credit as it may determine toward the total credits required for a first degree in law to an applicant who has studied law in a law school in a foreign country.

▌ Top of Page ▐

### 520.4 Study of law in law office.

(a) General. An applicant may qualify to take the New York State bar examination by submitting to the New York State Board of Law Examiners satisfactory proof:

(1) that applicant commenced the study of law after applicant's 18th birthday; and

(2) that applicant successfully completed at least one academic year as a matriculated student in a full-time program or the equivalent in a part-time program at an approved law school and at the conclusion thereof was eligible to continue in that school's degree program; and

(3) that applicant thereafter studied law in a law office or offices located within New York State under the supervision of one or more attorneys admitted to practice law in New York State, for such a period of time as, together with the credit allowed pursuant to this section for attendance in an approved law school, shall aggregate four years.

(b) Employment and instruction requirements. An applicant studying law in a law office or offices within New York State must be actually and continuously employed during the required period as a regular law clerk and student in a law office, under the direction and subject to the supervision of one or more attorneys admitted to practice law in New York State, and must be actually engaged in the practical work of such law office during normal business hours. In addition, the applicant must receive instruction from said attorney or attorneys in those subjects which are customarily taught in approved law schools.

(c) Credit for attendance in approved law school. Credit shall be allowed for attendance in an approved law school as follows:

(1) credit of one full year or 52 weeks shall be allowed for any successfully completed year of a full-time law school program;

(2) credit of three quarters of a year or 39 weeks shall be allowed for any successfully completed year of a part-time law school program;

(3) proportionate credit shall be allowed for any successfully completed semester, quarter or summer session in such a full-time or part-time law school program;

(4) for any period of law school study not successfully completed, credit may be allowed for attendance as determined by the New York State Board of Law Examiners based on an evaluation of performance in the individual case.

(d) Vacations. Vacations taken by the applicant in excess of one month in any year of study shall be deducted from the period of law office study for which credit shall be given, but failure by the applicant to take a vacation shall not decrease the period of study required by this section.

(e) Certificate of commencement of law office study. It shall be the duty of the attorney or attorneys with whom a period of law office study is about to be commenced to obtain from, complete and file with, the Clerk of the Court of Appeals a certificate of commencement of clerkship, Appendix B-2, infra. At the time the certificate of commencement of clerkship is filed, the applicant shall provide the Court of Appeals with a copy of the determination of the New York State Board of Law Examiners of the credit to which the applicant is entitled under subdivision (c) of this section.

(f) Credit for law study in law office. Credit shall be given only for study in a law office or offices completed subsequent to the filing of the certificate required by subdivision (e) of this section.

(g) Proof required. Compliance with the requirements of this section shall be proved to the satisfaction of the New York State Board of Law Examiners.

**Top of Page**

### 520.5 Study of law in law school and actual practice.

(a) General. An applicant who has studied law in any law school in any other state or territory of the United States or in the District of Columbia, other than a law school which grants credit for correspondence courses, and has received a degree from such law school which qualifies such applicant to practice law in such state, territory or in the District of Columbia, may qualify to take the New York State bar examination by submitting to the New York State Board of Law Examiners satisfactory proof:

(1) that applicants possesses the legal education required by this section;

(2) that applicant's course of study complies with the instructional and program requirement of section 520.3(c) through (i) of this Part; and

(3) that while admitted to the bar in the highest court in any other state or territory of the United States or in the District of Columbia, applicant has actually practiced therein for at least five years of the seven years immediately preceding the application to sit for the bar examination.

(b) Proof required. The applicant shall submit to the New York State Board of Law Examiners such proof of compliance with the provisions of this section as the board may require.

**Top of Page**

### 520.6 Study of law in foreign country; required legal education.

(a) General. An applicant who has studied in a foreign country may qualify to take the New York State bar examination by submitting to the New York State Board of Law Examiners satisfactory proof of the legal education required by this section.

(b) Legal education.
(1) The applicant shall show fulfillment of the educational requirements for admission to the practice of law in a country other than the United States by successful completion of a period of law study at least substantially equivalent in duration to that required under subdivisions (d) and (e) of section 520.3 of this Part, in a law school or schools each of which, throughout the period of the applicant's study therein, was recognized by the competent accrediting agency of the government of such other country, or of a political subdivision thereof, as qualified and approved; and

(i) that such other country is one whose jurisprudence is based upon the principles of the English Common Law, and that the program and course of law study successfully completed by the applicant were the substantial equivalent of the legal education provided by an approved law school in the United States; or

(ii) if applicant does not meet the durational equivalency requirements of subdivision (b)(1) of this section but has at least two years of substantively equivalent education, or if applicant does not meet the substantive equivalency requirements of subdivision (b)(1)(i) of this section, that applicant has successfully completed a full-time or part-time program consisting of a minimum of 20 semester hours of credit, or the equivalent, in professional law subjects, which includes basic courses in American law, in an approved law school in the United States; or

(2) The applicant shall show admission to practice law in a country other than the United States whose jurisprudence is based upon principals of English Common Law, where admission was based upon a program of study in a law school and/or law office recognized by the competent accrediting agency of the government of such other country and which is durationally equivalent yet substantively deficient under subdivision (b)(1)(i) of this section, and that such applicant has successfully completed a full-time or part time program consisting of a minimum of 20 semester hours of credit, or the equivalent, in professional law subjects, which includes basic courses in American law, in an approved law school in the United States.

(c) Proof required. The applicant shall submit to the New York State Board of Law Examiners such proof of compliance with the provisions of this section as the board may require.



### 520.7 Certification by Board of Law Examiners.

(a) Except as provided in section 520.10 of this Part, no applicant for admission to practice in this State shall be admitted unless the New York State Board of Law Examiners shall have certified to the Appellate Division of the department in which, as shown by the papers filed by the applicant with the board, the applicant resides, or if not a resident of the State, in which such papers show that applicant is employed full-time, or, if the applicant does not reside and is not employed full-time in the State, to the Appellate Division of the Third Department, that the applicant (1) has passed the written bar examination prescribed in section 520.8 of this Part; and (2) has also passed the Multistate Professional Responsibility Examination described in section 520.9 of this Part.

(b) The requirement of this Part shall first be applicable to those candidates for admission to practice law in New York who qualify for and take the July 1982 regular New York State bar examination and to all those who thereafter qualify for and take such examinations.



### 520.8 New York State bar examination.

(a) General. The New York State Board of Law Examiners shall twice each year conduct a written bar examination consisting of legal problems in both adjective and substantive law, and it shall by rule prescribe a list of subjects which will indicate the general scope of the bar examination. The board may use the Multistate Bar Examination as part of the bar examination.

(b) Uniformity of bar examinations. The bar examinations shall be as nearly uniform from year to year as is reasonably practicable.

(c) Preservation of papers. Bar examination papers shall be preserved for a period of four months from the date of the announcement of the results of the bar examination, and may thereafter be destroyed.

(d) Examination fee. Every applicant for a bar examination shall pay to the New York State Board of Law Examiners the fee prescribed by section 465 of the Judiciary Law.

`Top of Page`

### 520.9 Multistate Professional Responsibility Examination.

(a) General. The Multistate Professional Responsibility Examination referred to in section 520.7 of this Part shall be the examination bearing that name which is administered by the National Conference of Bar Examiners.

(b) Requirements and times and places for taking examination. An applicant may take the Multistate Professional Responsibility Examination prior to or subsequent to completion of the requirements for taking the New York State bar examination. An application to take the Multistate Professional Responsibility Examination shall be filed with National Conference of Bar Examiners and the fee therefor shall be fixed by and paid to that conference, which shall also fix the times and places, within or without the State of New York, for taking the examination.

(c) Passing score. The New York State Board of Law Examiners may accept the scores attained by individual applicants on the examination as determined and reported to it by the National Conference of Bar Examiners, but such board shall determine the passing score for applicants seeking admission to practice in this State.

(d) Reexamination. There shall be no restriction on the right of a failing applicant to retake the Multistate Professional Responsibility Examination.

`Top of Page`

### 520.10 Admission without examination.

(a) General. In its discretion, the Appellate Division may admit to practice without examination an applicant who:

(1) (i) has been admitted to practice in the highest law court in any other state or territory of the United States or in the District of Columbia; or

(ii) has been admitted to practice as an attorney and counselor-at-law or the equivalent in the highest court in another country whose jurisprudence is based upon the principles of the English Common Law; and

(iii) is currently admitted to the bar in such other jurisdiction or jurisdictions, that at least one such jurisdiction in which the attorney is so admitted would similarly admit an attorney or counselor-at-law admitted to practice in New York State to its bar without examination; and

(2) (i) while admitted to practice as specified in paragraph (1) of this subdivision, has actually practiced therein, for at least five of the seven years immediately preceding the application:

(a) in its highest law court or highest court of original jurisdiction in the state or territory of the United States, in the District of Columbia or in the common law country where admitted; or

(b) in Federal military or civilian legal service in a position which requires admission to the bar for the appointment thereto or for the performance of duties thereof, even if the government service, civilian or military, was not in a jurisdiction in which the applicant was admitted to practice; or

(c) in legal service as counsel or assistant counsel to a corporation in the state or territory of the United States where admitted, or in the District of Columbia if admitted therein; or in the common law country where admitted; or

(ii) has been employed in any other state or territory of the United States or in the District of Columbia as a judge, magistrate, referee or similar official for the local, state or federal government in a tribunal of record, or as a law clerk to such judicial official, provided that such employment requires admission to the bar for the appointment thereto or for the performance of the duties thereof, for at least five of the seven years immediately preceding the application; or

(iii) has been employed in this State or in any other state or territory of the United States or in the District of Columbia as a full-time member of the law faculty teaching in a law school or schools on the approved list of the American Bar Association and has attained the rank of professor or associate professor for at least five of the seven years immediately preceding the application; or

(iv) has actually practiced as provided in subparagraph (i) of this paragraph, or been employed as a judicial official as provided in subparagraph (ii) of this paragraph, or has been teaching at a law school as provided in subparagraph (iii) of this paragraph, or has actually practiced while admitted pursuant to Rule 520.11(a)(2) of this Part, for a period of up to 18 months, in a combination or cumulation of service among the categories of practice, judicial or legal service or teaching where the Appellate Division determines that such five years of combined or cumulative service is the equivalent of the practice required in clause (a) of subparagraph (i); and

(3) received a first degree from an approved law school in the United States at the time of applicant's admission to practice in such other state, territory, district or common law country, or at the time of application for admission under this section; and

(4) is over 26 years of age.

(b) Proof required. An applicant for admission under this section shall file with the Clerk of the Appellate Division of the department in which, as shown by the papers filed by the applicant with the department, the applicant resides or, if not a resident of the state in which such papers show that the applicant is employed full-time or, if such papers do not show that the applicant resides or is employed full-time in the State, the Appellate Division of the Third Department:

(1) a certificate from the clerk of the highest court of the state, territory, district or foreign country in which applicant has been admitted to practice as an attorney and counselor-at-law or the equivalent, certifying to applicant's admission to practice and the date thereof; and

(2) in the case of an applicant seeking admission relying upon teaching, a certificate from the dean of the law school which employs or employed the applicant, certifying to the nature and extent of applicant's employment and the rank attained; and

(3) a certificate from the New York State Board of Law Examiners certifying that the applicant has received a first degree in law from an approved law school as defined in section 520.3(b) of this Part; and

(4) any such other satisfactory evidence of character and qualifications as the Appellate Division may require, which may include a report of the National Conference of Bar Examiners.

(c) Proof to be submitted and fee paid to New York State Board of Law Examiners. The applicant

shall submit to the New York State Board of Law Examiners such proof of compliance with the provisions of paragraph (3) of subdivision (a) of this section as the board may require and shall at the same time pay the board the fee prescribed by section 465 of the Judiciary Law by certified check or money order payable to the order of the board.

(d) Discretion of Appellate Division. The Appellate Division may in its discretion impose as a condition to admission such other tests of character and fitness as it may deem proper.

**Top of Page**

## 520.11 Admission pro hac vice.

(a) General. An attorney and counselor-at-law or the equivalent who is a member in good standing of the bar of another state, territory, district or foreign country may be admitted pro hac vice:

(1) in the discretion of any court of record, to participate in any matter in which the attorney is employed; or

(2) in the discretion of the Appellate Division, provided applicant is a graduate of an approved law school, to advise and represent clients and participate in any matter during the continuance of applicant's employment or association with an organization described in subdivision 7 of section 495 of the Judiciary Law or during employment with a District Attorney, Corporation Counsel or the Attorney General, but in no event for longer than 18 months.

(b) New York Law Students. A graduate student or graduate assistant at an approved law school in New York State may be admitted pro hac vice in the discretion of the Appellate Division, to advise and represent clients or participate in any matter during the continuance of applicant's enrollment in an approved law school in New York State as a graduate student or graduate assistant, or during applicant's employment as a law school teacher in an approved law school in New York State, if applicant is in good standing as an attorney and counselor-at-law or the equivalent of the bar of another state, territory, district or foreign country and is engaged to advise or represent the client through participation in an organization described in subdivision 7 of section 495 of the Judiciary Law or during employment with a District Attorney, Corporation Counsel or the Attorney General, but in no event for longer than 18 months.

(c) Association of New York Counsel. No attorney may be admitted pro hac vice pursuant to paragraph (1) of subdivision (a) to participate in pre-trial or trial proceedings unless he or she is associated with an attorney who is a member in good standing of the New York bar, who shall be the attorney of record in the matter.

(d) Professional Responsibility Requirements. An attorney admitted pro hac vice pursuant to this section:

(1) shall be familiar with and shall comply with the standards of professional conduct imposed upon the members of the New York bar, including the rules of court governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility; and

(2) shall be subject to the jurisdiction of the courts of this State with respect to any acts occurring during the course of the attorney's participation in the matter.

Top of Page

## 520.12 Proof of moral character.

(a) General. Every applicant for admission to practice must file with a committee on character and fitness appointed by the Appellate Division of the Supreme Court affidavits of reputable persons that applicant possesses the good moral character and general fitness requisite for an attorney and counselor-at-law as required by section 90 of the Judiciary Law. The number of such affidavits and the qualifications of persons acceptable as affiants shall be determined by the Appellate Division to which the applicant has been certified.

(b) Affidavits. The affidavits filed shall state that the applicant is, to the knowledge of the affiant, a person of good moral character and possesses the general fitness requisite for an attorney and counselor-at-law and shall set forth in detail the facts upon which such knowledge is based. Such affidavits shall not be conclusive proof as to character and fitness, and the Appellate Division to which the applicant has been certified may inquire further through its committee on character and fitness or otherwise.

(c) Discretion of Appellate Division. The Appellate Division in each department may adopt for its department such additional procedures for ascertaining the moral character and general fitness of applicants as it may deem proper, which may include submission of a report of the National Conference of Bar Examiners.

(d) Time to file affidavits. (1) Except as provided in paragraph (2) of this subdivision, every applicant for admission to practice, other than applicants for admission without examination pursuant to section 520.10 of this Part, shall file the affidavits required under subdivision (a) and any additional material required under subdivision (c) of this section within three years from the date of the letter sent by the New York State Board of Law Examiners notifying the applicant that the applicant has passed the bar examination prescribed in section 520.8 of this Part. The requirement of this subdivision shall first be applicable to those applicants for admission who pass the July 1994 bar examination.

(2) Any applicant for admission to practice who has passed the bar examination prescribed in section 520.8 of this Part, administered prior to July 1994, and who has not filed the affidavits required under subdivision (a) and additional material required under subdivision (c) of this section, must file such affidavits (i) within three years from the date of the letter sent by the New York State Board of Law Examiners notifying the applicant that the applicant has passed the bar examination, or (ii) by November 9, 1995, whichever date is later.

## 520.13 Designation of agent for service of process.

(a) Every applicant for admission to practice who does not reside and is not employed full-time in the State shall be required, as a condition of admission, to execute and file with the Appellate Division of the department in which the applicant is being admitted, a duly acknowledged instrument in writing setting forth the applicant's residence or mailing address and designating the clerk of such Appellate Division as the applicant's agent upon whom process may be served, with like effect as if served personally upon the applicant, in any action or proceeding thereafter brought against the applicant and arising out of or based upon any legal services rendered or offered to be rendered by the applicant within the State.

(b) Any such applicant may, at any time after being admitted to practice, revoke a designation filed

with the Appellate Division pursuant to subdivision (a) of this section by executing and filing with such Appellate Division an affidavit revoking such designation and showing that, as of the date of such affidavit, the applicant resides or is employed full-time in the State or has an office therein for the practice of law; except such revocation shall be effective only with respect to causes of action accruing after the filing thereof.

(c) Service of process on the clerk of the Appellate Division, pursuant to a designation filed pursuant to subdivision (a) of this section, shall be made by personally delivering to and leaving with such clerk, or with a deputy or assistant authorized to receive such service at the clerk's office, duplicate copies of the process together with a fee of $25. Service of process shall be complete when such clerk has been so served. Such clerk shall promptly send one copy of the process to the person to whom it is directed, by certified mail, return receipt requested, addressed to such person at the address specified in the designation or at such other address as such person shall have specified in a duly acknowledged supplemental instrument in writing which such person shall have filed in the office of such clerk.

**Top of Page**

### 520.14 Application for waiver of rules.

The Court of Appeals, upon application, may in its discretion vary the application of or waive any provision of these rules where strict compliance will cause undue hardship to the applicant. Such application shall be in the form of a verified petition setting forth the applicant's name, age and residence address, the facts relied upon and a prayer for relief.

**Top of Page**

### 520.15 Rules of the New York State Board of Law Examiners.

The New York State Board of Law Examiners may from time to time adopt, amend or rescind rules, not inconsistent with these rules, as it shall deem necessary and proper to enable it to discharge its duties as such duties are established by Law and by these rules. The rules so established by the Board shall not be adopted, amended or rescinded except by a majority vote of the members thereof. A copy of each rule adopted, amended or rescinded must, within 30 days of such action, be filed in the office of the Secretary of State.

**Top of Page**

## Rules of the State Board of Law Examiners

### 6000.1 Board office. (Revised 10/22/08)

(a) Correspondence Address. All correspondence or other written communications to the Board or the administrative officers of the Board shall be addressed to the Board's office at New York State Board of Law Examiners, Building 3, Corporate Plaza, 254 Washington Avenue Extension, Albany, NY, 12203-5195.

(b) Website. The Board maintains a website at www.nybarexam.org.

**Top of Page**

**6000.2 Applications and proof required of applicants for examination. (Revised 10/22/08)**

(a) First-time Application. Each first time applicant shall file an application on a form provided by the Board and shall pay the fee prescribed by Section 465 of the Judiciary Law during the application filing period. For purposes of this Section, an application is considered filed when it is filed electronically on-line at the Board's website or otherwise received in the Board's office together with the prescribed fee during the following application filing period:

| EXAMINATION | EARLIEST FILING DATE | FILING DEADLINE |
|---|---|---|
| February | November 1 | November 30 |
| July | April 1 | April 30 |

(b) Proof of eligibility. Each first time applicant shall cause to be filed proof of eligibility to sit for the bar examination by demonstrating compliance with the requirements of Section 520.3, 520.4, 520.5, or 520.6 of the Rules of the Court of Appeals. Such proof shall be in the form prescribed by the Board. For purposes of this subsection, proof of eligibility is considered filed when it is received in the Board's office by the following deadline:

| EXAMINATION | DEADLINE FOR PROOF OF ELIGIBILITY |
|---|---|
| February | February 1 |
| July | June 15 |

(c) Handwriting specimen. Each first time applicant shall file or cause to be filed a handwriting specimen on a form provided by the Board, in the usual handwriting of the applicant and bearing the applicant's signature at the end thereof, containing a certification by an authorized official of the law school from which the applicant has or will be graduated, or by an attorney with whom the applicant has studied or by a notary public, depending upon whether the applicant qualified to sit for the bar examination under Section 520.3, 520.4, 520.5, or 520.6 of the Rules of the Court of Appeals. For purposes of this subsection, a handwriting specimen is considered filed when it is received in the Board's office by the following deadline:

| EXAMINATION | DEADLINE FOR HANDWRITING SPECIMEN |
|---|---|
| February | February 1 |
| July | June 15 |

(d) Re-Examination. An applicant who failed the immediately preceding administration of the examination shall file in the manner set forth in subsection (a) above an application for re-examination on a form provided by the Board and shall pay the fee prescribed by Section 465 of the Judiciary Law by the later of (i) the application filing deadline set forth in subsection (a) above, or (ii) the 14th day following the date of the Board's release of the examination results. All other applicants for re-examination shall file the application for re-examination and pay the required fee in the manner and during the application filing period set forth in subsection (a) above.

(e) Residence and Employment Addresses. The application shall specify the address in or outside the State where the applicant resides and the place in the State, if any, where the applicant is employed full time. If the applicant changes either address before the examination for which application has been made, the applicant shall promptly notify the Board in writing of such change of address.

(f) Additional proofs. The Board in its discretion may order additional proofs to be filed, and may require an applicant to appear in person before it, or a member thereof or the Executive Director, Deputy Executive Director or counsel, and be examined concerning the applicant's qualification to sit for the examination.

Top of Page

## 6000.3 Schedule of Fees. (Revised 10/22/08)

(a) Examination Fee. The fee for examination or re-examination is the amount prescribed by Section 465 of the Judiciary Law.

(b) Admission on Motion Fee. The fee for a certificate of educational compliance required of applicants for admission to the Bar on motion is the amount prescribed by Section 465 of the Judiciary Law and shall be paid at the time application for such certificate is made.

(c) Fee to Transfer a Multistate Bar Examination (MBE) Score from New York to another Jurisdiction. The fee to transfer an MBE score earned in New York to another jurisdiction is $50, and shall be paid when the form provided for that purpose is filed in accordance with Section 6000.6(g)(2).

(d) Duplicate Certification Notice. The fee for a request for a duplicate of the Board's letter notifying the applicant of successful completion of the bar examination and of certification to the Supreme Court, Appellate Division is $10. Such request shall be in the form of a letter containing the applicant's name, BOLE ID or Social Security Number, date of birth, examination passed (month and year), and address to which the duplicate is to be sent.

(e) Sets of Essay Questions and Answers. The fee for obtaining by mail sets of the essay questions and selected applicants' answers from the three most recent bar examinations is $50.

(f) Materials Available to Failed Applicants. The fee for a failed applicant to obtain by mail copies of the applicant's own essay answers is $40. The fee for a total packet containing the failed applicant's essay answers, the essay questions, and selected applicants' answers is $70.

(g) Form of payment. The fee for examination or re-examination shall be made on-line by credit card, or if filing by mail, by certified check, cashier's check, or money order, payable to "State Board of Law Examiners." All other fees shall be made by certified check, cashier's check, or money order, payable to "State Board of Law Examiners."

Top of Page

## 6000.4 Test Accommodations for Applicants with Disabilities. (Revised 10/22/08)

(a) <u>Purpose</u>.  The bar examination is intended to test qualified applicants for knowledge and skills relevant to the practice of law.  In accordance with the Americans with Disabilities Act of 1990 (42

U.S.C.S. § 12101 et seq.) (ADA) and applicable regulations and case law, it is the policy of the New York State Board of Law Examiners to provide accommodations in testing conditions to applicants with disabilities who are qualified candidates for the bar examination, to the extent such accommodations are timely requested, reasonable, not unduly burdensome, consistent with the nature and purpose of the examination and necessitated by the applicant's disability.

(b) <u>Definitions</u>.  For purposes of this section:

(1) The term "disability" shall mean a disability as that term is defined under the ADA, applicable regulations and case law.

(2) The term "qualified professional" shall mean a licensed physician, psychologist, psychiatrist or other health care provider who has comprehensive training in the field related to the applicant's disability.

(c) <u>Application Process</u>.

(1) Application Materials.  The Board shall make available to candidates requesting test accommodations documents necessary for submitting an application including: (a) the Application for Test Accommodation and the Re-applicant Application for Test Accommodations; (b) Instructions for Completing Application for Test Accommodations; and (c) Guidelines for Documentation of Physical and Psychiatric Disorders, Guidelines for Documentation of Learning Disabilities and Other Cognitive Disorders, and Guidelines for Documentation of Attention Deficit/Hyperactivity Disorder. Application materials are available on-line at the Board's website or by contacting the Board's office.

(2) Filing Deadline.  Applications for test accommodations, together with all required supporting documentation, shall be received in the Board's office no later than the applicable deadline as set forth in Section 6000.2(a) and (d).

(3) Requirements.  To be eligible to receive test accommodations, the applicant shall submit the appropriate application form and all required supporting documentation.

(4) Incomplete and Untimely Applications.  Applications which are incomplete or not timely filed shall be rejected and returned to the applicant.

(5) Medical Documentation.  All applications must be supported by appropriate medical documentation.  Medical documentation must be from a qualified professional and must comply with the appropriate guidelines documenting disabilities: Guidelines for Documentation of Physical and Psychiatric Disorders, Guidelines for Documentation of Learning Disabilities and Other Cognitive Disorders, and/or Guidelines for Documentation of Attention Deficit/Hyperactivity Disorder.

(a) If the application is based upon a learning disability or other cognitive disorder or Attention Deficit/Hyperactivity Disorder, the medical documentation may not be more than four years old (measured from the date of the evaluation to the date of the application).

(b) If the application is based upon any other type of disability, the medical documentation may not be more than one year old (measured from the date of the evaluation to the date of the application).

(6) Independent Evaluations.  The Board reserves the right to have any application, together with all supporting documentation, evaluated by an expert retained by the Board. The Board may, in

its discretion, require the applicant to provide additional information and documentation and may also require the applicant to submit to examination by an expert retained by the Board.

(d) <u>Determinations</u>.

(1) Complete and Timely Applications. The Board shall act upon all applications which are complete, timely and submitted in full compliance with the foregoing provisions of this Section, and shall notify the applicant of its determination no later than twenty (20) days prior to the date of the examination for which such accommodations are requested. If the application is denied in whole or in part, the Board's notification shall state the reason(s) for such denial.

(2) Early Determinations. An applicant may request a determination of eligibility for test accommodations prior to the application filing period by filing a complete application including all required supporting documentation no more than six months prior to the examination for which the applicant seeks accommodations. The Board will act upon such requests as soon as practicable.

(e) <u>Appeals</u>. Any applicant whose application is denied in whole or in part may appeal the determination by filing a verified petition responding to the Board's stated reason(s) for denial. The petition must attest to the truth and accuracy of the statements made therein, be made under penalty of perjury and be notarized. The petition may be supported by a report from the applicant's examiner clarifying facts and identifying documentation, if any, which the Board allegedly overlooked or misapprehended. The appeal may not present any new diagnosis or disability that was not discussed in the applicant's application, nor may any additional documentation that was not originally provided with the application be offered on the appeal. Appeals must be received at the Board's office no later than 14 days from the date of the Board's determination. The Board shall decide such appeal and shall notify the applicant of such decision prior to the date of the examination for which the accommodations were requested.

(f) <u>Delegation</u>. The Board may, in its discretion, delegate to any of its members, or to its Executive Director, Deputy Executive Director or counsel, all or any part of its duties and responsibilities under the foregoing provisions of this Section, other than its responsibilities under subsection (e) in connection with appeals.

Top of Page

**6000.5 Assignment and certification of applicants. (Revised 10/22/08)**

(a) Each applicant admitted to the examination shall be assigned to a test center in one of the four judicial departments located in the State.

(b) Every applicant who, after completing the examination, becomes a resident of the State or a full-time employee therein or who changes the place of residence or full-time employment in the State, shall file written notice with the Board. The department of the Appellate Division to which an applicant is certified in accordance with subsection (c) shall be based on the most recent address at the Board's office as of May 1st following a February examination, or as of November 1st following a July examination.

(c) Every applicant who passes the examination will be certified to the Appellate Division of the department in which, as shown by the papers filed by the applicant with the Board, the applicant resides, or, if not a resident of the State, the applicant is employed full-time in the State. If such

papers do not show that the applicant resides or is employed full-time in the State, the applicant shall be certified to the Appellate Division of the Third Department.

**Top of Page**

### 6000.6 Examination. (Revised 1/26/09)

(a) Examination Dates. The Board shall hold examinations twice each year, on two consecutive days, being the last Tuesday and Wednesday of February and July.

(b) Passing Score. The score required to pass the bar examination is 665.

(c) New York Section. The first day of each examination (the New York section) will consist of 50 multiple choice questions and five essay questions in substantive and procedural law, and one Multistate Performance Test (MPT) developed by the National Conference of Bar Examiners (NCBE). The multiple choice and essay questions presented on the New York section will test the subjects detailed in the Content Outline maintained on the Board's website.

(d) Multistate Bar Examination (MBE). The Multistate Bar Examination (MBE) will be administered on the second day of the examination. Information regarding the MBE is available on the website of the National Conference of Bar Examiners at www.ncbex.org.

(e) Applicant Must Take all Sections of the Examination to be Graded. In order for the examination to be graded the applicant must take both sessions of the New York section of the bar examination at the designated location in New York State and both sessions of the MBE section, either in New York State or in another jurisdiction. Any applicant who is not present for both sessions of the New York section will not be permitted to take the MBE in New York on the following day.

(f) Tardiness or Absence. No applicant will be admitted to the examination more than one half hour after the examination session begins. An applicant who fails to appear for one session of the examination shall not be admitted to a later session.

(g) Transfer of MBE Scores.

(1) Transfer of MBE Score from another Jurisdiction to New York. An applicant taking the New York bar examination shall have the option to transfer to New York an MBE score attained when taking the MBE in another jurisdiction. In order to be transferred, the MBE score attained in the other jurisdiction must have been attained either (a) at an examination taken concurrently with the applicant sitting for the New York bar examination, or (b) as part of a passing examination in another jurisdiction during any of the three administrations of the bar examination immediately preceding the administration for which the applicant seeks to transfer said previous MBE score. In any event, an MBE score attained in another jurisdiction cannot be transferred if the examination taken in such other jurisdiction was taken concurrently with a New York bar examination which the applicant failed. The MBE scale score attained in such other jurisdiction will be combined with the applicant's scores on the New York section of the examination, in the same manner as if the applicant had taken the MBE in New York. A transferred MBE score may only be used for one administration of the New York bar examination. If an applicant fails the New York bar examination using a transferred MBE score, the transferred MBE score may not be used again for any future administrations of the New York bar examination. An applicant who elects to use an MBE score from another jurisdiction as permitted above shall notify the Board of such election at the time that the application to sit for the New York State bar examination is filed, and shall make the arrangements to have such score timely

transferred to New York.

(i) To transfer a concurrent or prior MBE score to New York from another jurisdiction the applicant must complete the MBE score transfer form available on the website of the National Conference of Bar Examiners (NCBE) and pay the prescribed NCBE score transfer fee. If the transferred MBE score was attained during one of the three prior administrations of the MBE, the applicant must also provide proof from the other jurisdiction, on a form provided for that purpose by the Board, that the MBE score was attained as part of a passing examination in such other jurisdiction.

(ii) The transferred MBE score, and if necessary, proof from the other jurisdiction that the prior MBE score was attained as part of a passing examination, must be received in the Board's office no later than April 1 following a February examination, and no later than October 1 following a July examination. It shall be the applicant's responsibility to ensure that the Board receives the report of the transferred MBE score in a timely manner. Failure to timely transfer an MBE score to the Board, or failure to file the required proof of a passing examination from the other jurisdiction shall result in the nullification of an applicant's bar examination scores.

(2) Transfer of MBE Score Earned in New York to Other Jurisdictions. An applicant taking the bar examination in New York may request the certification of an MBE score earned in New York to another jurisdiction. An applicant requesting certification of an MBE score earned in New York to another jurisdiction must direct such request to the Board's office on a form provided by the Board and pay the fee prescribed in Section 6000.3(c) of this Part.

(h) Multistate Professional Responsibility Examination. All applicants who have passed the bar examination and are seeking admission to the practice of law in New York State must take and pass the Multistate Professional Responsibility Examination (MPRE) administered by the National Conference of Bar Examiners (NCBE) prior to being certified by the Board to the Appellate Division. The passing score in New York for the MPRE is 85. Applicants must designate New York as the jurisdiction to which the score should be reported or have an official score report sent to the Board by the NCBE. Applicants must take and pass the MPRE within three years either before or after passing the New York bar examination, measured from the date the applicant sat for each examination.

**Top of Page**

## 6000.7 Automatic Regrading of Certain Examination Answers. (Revised 10/22/08)

(a) The essay answers for each applicant who receives a total weighted scale score of 655 to 664 following the initial grading of his or her bar examination shall be regraded by graders other than the initial graders. For each essay, the initial scale score and the scale score resulting from regrading shall be averaged to determine the applicant's final scale score for that essay. The applicant's scores shall then be recomputed to arrive at a final total weighted scale score.

(b) Each applicant who has received a final examination score below the required passing score may obtain one set of copies of his or her own answers to the essay questions by written request accompanied by payment as prescribed in Section 6000.3(f). Such request shall be made no later than 30 days after the Board's failure notice to the applicant.

(c) Failed applicants may, in the same written request for copies of their essay answers, also order copies of the essay questions and the selected applicants' answers referred to in section 6000.8(b) of this Part accompanied by payment as prescribed in Section 6000.3(f).

**Top of Page**

## 6000.8 Publication of Essay Questions and Selected Applicants' Answers. (Revised 10/22/08)

(a) No later than 60 days after the release of the results of each bar examination, the Board shall post on its website, copies of the essay questions that appeared on such examination and copies of selected applicants' answers to those essay questions. The answers shall be ones which received scores superior to the average scale score awarded for the relevant essay. Such answers, which shall be selected by the Board, shall be released in a format designed to protect the anonymity of the authors.

(b) Sets of the essay questions and selected applicants' answers from the three most recent bar examinations shall be available to be downloaded from the Board's website free of charge, or upon written request accompanied by payment as prescribed in Section 6000.3(e) of this Part.

Top of Page

## 6000.9 Fraud, Dishonesty and Other Misconduct. (Revised January 2003)

(a) If it shall appear to the Board that there is credible evidence which would establish that an applicant has:

(1) either by omission or commission falsified the application or proofs required for admission to the bar examination or misrepresented the applicant's eligibility to sit for the bar examination;

(2) either by omission or commission falsified the proofs required for admission to practice with or without examination;

(3) either by omission or commission falsified documentation submitted in support of a request for test accommodations under Rule 6000.4 or secured such documentation under false pretenses;

(4) brought unauthorized items or materials into the examination room or otherwise violated the Board's examination security policy;

(5) broken the seal on the question book, opened the question booklet, or reviewed the questions in the question book prior to the announcement that the examination has begun, or otherwise violated any of the oral or written instructions given in connection with the administration of the bar examination;

(6) possessed in any manner, reviewed and/or utilized any unauthorized notes, books, recordings, electronically retrievable data or other unauthorized materials during the bar examination, or secreted such materials for such use;

(7) written or designated any answers to questions on the bar examination prior to the announcement of the beginning of the examination session or written or designated any answers or other information on an answer sheet or booklet after the announcement of the conclusion of the session;

(8) sought, obtained or used answers or information from or given answers or information to another applicant or any other person during the bar examination;

(9) removed any examination materials or notes made during the examination from the examination room;

(10) memorized questions for the purpose of reporting and/or reported the substance of questions to any person or entity engaged in, or affiliated with any person or entity engaged in, the preparation of applicants to take the bar examination or otherwise violated the copyright protection afforded to bar examination materials;

(11) engaged in fraud, dishonesty or other misconduct in connection with an application to or the administration of the Multistate Professional Responsibility Examination (MPRE) or to a bar examination of any other jurisdiction;

(12) sat for the bar examination without having a bona fide intention to seek admission to practice law in the State of New York; or (13) compromised or disrupted the process for admission to or administration of the bar examination,

the Board shall serve written charges on such applicant by mail at the last address provided to the Board by the applicant, stating with particularity the facts upon which such charges are based. The

applicant's examination results shall be withheld pending the determination of the charges by the Board.

(b) The applicant, no later than 30 days after the service of charges shall cause to be delivered to the office of the Board a verified answer to such charges. Such answer shall identify with specificity the charges disputed by the applicant, who shall set forth any evidence which can be adduced by the applicant in contradiction of such charges. The applicant may include in such written answer a request that the Board hold a hearing.

(c) In the event such applicant does not submit a written and verified answer as provided in Subsection (b) the Board shall deem the facts set forth in the written charges to be true.

(d) In the event such applicant does not request a hearing, and the Board does not on its own motion determine to conduct a hearing, the Board shall make a determination based on the evidence submitted.

(e) If the applicant shall request a hearing, or if the Board, on its own motion, determines to conduct a hearing, the Board shall set a date for a hearing by the Board or by one or more members of the Board who shall make a report and recommendation to the full Board which shall render a written decision. Reasonable notice of the hearing shall be provided to the applicant.

(f) If the applicant shall be found guilty by reason of:
    (1) applicant's admission that such charges are true, in whole or in part; or
    (2) applicant's default in answering the written charges, in whole or in part; or
    (3) determination of the Board, after a hearing, or where no hearing was conducted, after the Board's review of the evidence submitted, such determination shall be set forth in the Board's written decision and one or more of the following penalties, and any other penalty which the Board may deem appropriate, may be imposed:
    (i) forfeiture of all fees paid by such applicant;
    (ii) nullification of the examination taken or the application made by such applicant;
    (iii) disqualification of the applicant from taking the New York State Bar Examination or applying for admission on motion for a period not to exceed six years from the date of such admission or determination;
    (iv) invalidation or striking of one or more answers of the examination taken by such applicant, or the reduction of applicant's final score by one or more points;
    (v) transmission of a written report of the matter to the Committee on Character and Fitness in New York State having jurisdiction of the applicant;
    (vi) transmission of a written report of the matter to the bar admission authority and/or disciplinary authority in every jurisdiction of the United States and, where applicable, to any foreign jurisdiction deemed appropriate by the Board.

(g) The Board shall notify the applicant of its decision in writing as soon as practicable.

(h) The applicant shall be entitled to be represented and advised by counsel, at his or her own expense, at every stage of the proceeding. Any person who voluntarily appears or who is compelled to attend, and submit proof or testimony, at any hearing held pursuant to Subsection (e) of this Part shall be entitled to be represented and advised by counsel, at his or her own expense.

Top of Page

**6000.10 Application for waiver of rules. (Revised January 2003)**

The board, upon application and for good cause shown, may in its discretion vary the application of or waive any provision of these rules where strict compliance will cause unwarranted hardship to the applicant. Such application shall be in the form of a verified petition which shall set forth the applicant's name, age and residence address, the facts relied upon, and a prayer for relief.

Top of Page

About BOLE | Contact US | Disclaimer

Links to other sites, or links to this site by any other sites, do not imply any endorsement of, or relationship with, such other sites

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  2

BAZADIER V. BOLE DIRECTOR & JUSTICES OF THE STATE OF NY CRT OF APPEALS



# Supreme Court of California

### FREDERICK K. OHLRICH
*Clerk of the Court*

## CERTIFICATE OF THE CLERK OF THE SUPREME COURT

## OF THE

## STATE OF CALIFORNIA

### <u>FRANK ALAIN BAZADIER</u>

*I*, FREDERICK K. OHLRICH, *Clerk of the Supreme Court of the State of California, do hereby certify that* **FRANK ALAIN BAZADIER** *was on the 24th day of October 2003, duly admitted to practice as an attorney and counselor at law in all the courts of this state; and that his name now appears on the Roll of Attorneys as a member of the bar of this state in good standing.*

*Witness my hand and the seal of the court,*
*this 27th day of October, 2008.*

FREDERICK K. OHLRICH_____
*Clerk of the Supreme Court*

By_____
*Joseph Cornetta, Deputy Clerk*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  3

Frank Bazadier
1843 Wollam Street
Los Angeles, CA 90065
323 493 8089 CELL
323 227 1694 FAX
fbazadier@aol.com

NEW YORK COURT OF APPEAL
C/O Mr. Stuart Cohen
Clerk of the New York Court of Appeals
20 Eagle Street
Albany, New York 12207

Re. WAIVER OF RULE 520. 5 PROHIBITING APPLICANTS WHO RECEIVED THEIR
JURIS DOCTORATE AT A CORRESPONDENCE SCHOOL FROM SITTING FOR THE
NEW YORK BAR EXAMINATION

Dear Mr. Stuart Cohen,

Enclosed in this letter is my VERIFIED PETITION outlining the reasons why the New York
Court of Appeals should grant me relief from rule 520.5 and allow me to sit for the February
2009 bar examination (my registration, and fees, have been submitted).
I have also enclosed in this letter a copy of my CALIFORNIA CERTIFICATE OF GOOD
STANDING, which I previously directed the Clerk of The California Supreme Court to mail to
the NEW YORK BOARD OF LAW EXAMINERS, however in the abundance of caution I have
provided an additional copy in my letter to you. I have also enclosed a copy of a list of criminal
trials that I have completed to verdict during my 5 years of practice in California.
If necessary, I can have proof of completion of my Juris Doctorate, from CALIFORNIA
NORTHWESTERN UNIVERSITY SCHOOL OF LAW, in Sacramento California, (an
ONLINE/CORRESPONDENCE LAW SCHOOL) sent to you. If there is any other
documentation that you need, please feel free to contact me at the above address.

Thanking you in advance,

_____

F. Bazadier
November 25, 2008

VERIFIED PETITION
OF FRANK ALAIN BAZADIER
IN COMPLIANCE WITH RULE 520.14
OF THE NEW YORK BOARD OF LAW EXAMINERS
HUMBLY SEEKING RELIEF FROM RULE 520.5
OF THE NEW YORK BOARD OF LAW EXAMINERS

1. The following are all declarations by Frank Alain Bazadier:

2. My name is Frank Alain Bazadier

3. My date of birth is September 2, 1969, therefore I am 39 years old.

4. My resident address is 1843 Wollam Street, Los Angeles, California 90065

5. The State Bar of California, which takes the Lincoln approach to candidate eligibility for their bar examination, is regarded as the most challenging bar in the nation, has previously approved of my Juris Doctorate obtained through correspondence.

6. I have been a practicing attorney, in good standing with The State Bar of California for over 5 years-I was sworn into the practice of law on October 23, 2003.

7. I have completed 15 criminal trials to verdict-ATTACHED IS A LIST OF MY CASES.

8. In preparation for the February 2009 New York Bar Examination I have expended over $2,300.00 in prep classes and other related expenses in anticipation of taking the February 2009 New York Bar examination-The Study Group bar prep class $1,300.00, used BarBri books purchased from Ebay for $700.00, and the requisite $225 for the registration fee for the February 2009 Bar to the New York Board of Law Examiners has been submitted

9. Not only have I purchased the obligatory prep materials and paid the registration fees, I have been studying 6 hours a day since October 18, 2008 in preparation for the exam, in order to familiarize myself, well in advance for subjects that were not tested on the California Bar Exam.

10. My brother, with whom I share a mortgage here in California, has reluctantly agreed to reduce my obligation on the mortgage so I can work fewer billable hours and extent my exam preparation time.

12. At this point in my life I can not AFFORD TO GO BACK AND SEEK TO REAPPLY TO A NEW YORK LAW SCHOOL (that would make me eligible to sit for the New York Bar Exam) due to my residence in California, my age, and the amount of income I would have to give up in order to move to New York without any other marketable skill.

For the above reasons, but not limited there to, The Board of Law Examiners should waive strict compliance to Rule 520.5, and provide this candidate the opportunity to demonstrate in New York my legal proficiencies, ***therefore this applicant would humbly request, and pray for relief from Rule 520.5 in the form of a waiver of the rule prohibiting a candidate qualifying to sit for the New York Bar Examination by completing ones Juris Doctorate at a CORRESPONDENCE law school pursuant to 520.14*** in light of this applicant previously stated years of experience as CALIFORNIA TRIAL ATTORNEY.

I, Frank Bazadier, declare, and verify this Petition and all of the declarations, herein ARE ALL TRUE, CORRECT AND VERIFIED. This declaration and all of the preceding declaration are made under the penalty of perjury with regard to the relevant California State Laws.

_____

Frank Bazadier, as Executed in the State
of California, and the County of Los Angeles
on the date of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  4

BAZADIER V. BOLE DIRECTOR & JUSTICES OF THE STATE OF NY CRT OF APPEALS

# FRANK BAZADIER'S COMPLETED
# JURY TRIALS

1 JAVON WILLIAMS-PC 215 Felony-Case No. CD 189423-Hung Jury- San Diego County

2 MARIO WILLIAMS-PC 273.5  Misdemeanor-Case No. 6CP05050-Not Guilty- Los Angeles County

3 EDWARDO DELGADILLO-PC 211 Felony-Case No. TA 084841-Guilty- Los Angeles County

4 JONATHAN MARROQUIN-PC 273.5 Misdemeanor-Case No. 6DY064831-Not Guilty-Los Angeles County

5 SENORINA MEDINA-PC 243 E Misdemeanor-Case No. 6DY06482-Not Gulity-Los Angeles County

6 PETER JOSEPH SAIS-PC 275 (domestic battery charges) Misdemeanor-Case No. 7LG06730-Guilty of domestic batter and Not Guilty of some lesser included counts-Los Angeles County

7 TROY SCOTT-VEHICULAR MANSLAUGHTER and related charges Felony-Felony-Case No. FSB049975-Not Guilty on Vehicular Manslaughter, but Guilty on evading and sentence enhancement for prior Felony-San Bernardino County

8 GREGORY CHARLES JONES-23152(a)VC and 2800.1 VC, DUI and related charges-Misdemeanor-Case No. 7PS03243-Guilty on the DUI and Not Guilty on less serious offense-Los Angeles County

9 CARLOS PEREZ-PC 275.5PC-Misdemeanor-Case No. 7CP09951-Hung Jury-Los Angeles County

10 JORGE A. LOPEZ-166PC violation of a restraining order-Misdemeanor-Case No. 7CP09952-Hung Jury-Los Angeles County

11 JACKO WILLIAMS-Assault and other related charges-Misdemeanor-Case No. 7LG10169-Guilty on the assault, and Not Guilty on some of the lesser included offenses-Los Angeles County.

12 ANTONIO ALCANTAR-166PC, violation of a gang injunction-Misdemeanor-Case No. 7LG04430-Not Guilty-Los Angeles County

13 GEARLDDENHUST MANGHAM-266(a)PC-Felony-Case No. 07CF1755-Guilty-Orange County.

14 MARCUS JENKINS-23152(a)VC-Misdemeanor-Case No. 8LT00446 Guilty of Driving Under the Influence of Alcohol-Los Angeles County

15 MART ANTHONY BIGGERS-12031(a)PC-Felony-Case No. TA096445-Not Guilty of unlawful gun possession-Los Angeles County.

16 SUSAN FABELA-245(a)PC and other related assault charges-Misdemeanor-Not Guilt on all charges-Los Angeles County

17 KARL JOEL WARMSLEY-148(a)PC Resisting arrest-Misdemeanor-Case No. 8CP09496-Not Guilty-Los Angeles County

NOTE: PC-refers to the California Penal Code, and VC-refers to the California Vehicle Code.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  5



*State of New York*
*Court of Appeals*

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207*

December 31, 2008

Frank Bazadier, Esq.
1843 Wollam Street
Los Angeles, CA 90065

> Re:  In the Matter of the Application of FRANK BAZADIER for
> waiver of strict compliance with the requirements of
> 22 NYCRR 520.5

Dear Mr. Bazadier:

    I am directed by the Court of Appeals to advise you that your petition in the above-captioned proceeding, verified November 25, 2008, has been denied.

                     Very truly yours,

                     Stuart M. Cohen

HBE:it

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 6



*State of New York*
*Court of Appeals*

*Stuart M. Cohen*
*Clerk of the Court*

*Clerk's Office*
*Albany, New York 12207*

January 9, 2009

Frank Bazadier, Esq.
1843 Wollam Street
Los Angeles, CA 90065

Re: In the Matter of the Application of FRANK BAZADIER for
waiver of strict compliance with the requirements of
22 NYCRR 520.5

Dear Mr. Bazadier:

I respond to your letter dated January 5, 2009. I have been advised by John McAlary of the State Board of Law Examiners that your $225.00 fee will be refunded to you in due course.

I regret that this office cannot provide you with the legal advice sought in the last paragraph of your letter.

Very truly yours,

Stuart M. Cohen

cc: John McAlary